**KAZEROUNI LAW GROUP, APC**
Yana A. Hart (SBN: 306499)
yana@kazlg.com
Evangeline Dech, Esq. (SBN: 326832)
evangeline@kazlg.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Fax: (619) 297-1022

*Attorneys for Plaintiff*
Sophia Williams

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Sophia Williams,** on behalf of herself and all other similarly situated class members, <br><br> Plaintiff, <br><br> v. <br><br> **Law Office of Tary C. Loomis-Therrien,** <br><br> Defendant. | Case No: 5:20-cv-00674 <br><br> **CLASS ACTION** <br><br> **Complaint for Damages for Violations of the Fair Debt Collection Practices Act, U.S.C § 1692,** *et seq*. <br><br> **JURY TRIAL DEMANDED** |
KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Sophia Williams, ("Plaintiff"), through Plaintiff's attorneys, brings this action on behalf of herself and others similarly situated individuals, seeking available legal and equitable remedies for the Law Office of Tary C. Loomis-Therrien's ("Defendant") violations of the FDCPA with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and causing Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the FDCPA cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

8. Through this complaint, Plaintiff does not allege that any state court judgment was entered against Plaintiff in error, and Plaintiff does not seek to reverse or modify any judgment of any state court.

## JURISDICTION AND VENUE

9. This Court has original jurisdiction pursuant to 15 U.S.C. § 1692, *et seq.,* and 28 U.S.C. § 1331.

10. This Court has personal jurisdiction because Defendant is a California law office located in Laguna Hills, California. Further, Defendant regularly attempts to collect alleged debts against consumers in Riverside County by mailing abusive collection letters to California consumers, as Defendant did to Plaintiff.

11. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) at all material times hereto, Plaintiff resided in the County of Riverside, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant's personal jurisdiction in this district has been established.

## PARTIES AND DEFINITIONS

12. Plaintiff is a natural person, as that term is used in 15 U.S.C. § 1692 *et seq.,* who resides in the County of Riverside, State of California.

13. Plaintiff is a person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff. Plaintiff is therefore a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

14. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a professional entity, with its principal place of business in Laguna Hills, California.

15. Defendant uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who and regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another is therefore a "debt collector" as that phrase is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

16. Plaintiff owns a certain residential property located in the City of Moreno Valley, State of California.

17. Plaintiff's property is governed by the Promontory Park MV Owners Association (the "Association"). Pursuant to an agreement with the Association, Plaintiff is to pay the Association monthly dues.

18. As such, Plaintiff is alleged to have incurred certain financial obligations to the Association. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

19. These alleged financial obligations were money, property, or their equivalent, for personal, family and/or household purposes, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt[s]" as that term is defined by 15 U.S.C. §1692a(5).

20. Sometime in or around January 2020, Plaintiff fell behind in the payments allegedly owed on the alleged debt. Because this complaint alleges violations of the FDCPA, the validity and circumstances surrounding the Debt are irrelevant and will be discussed only to provide context.

21. Thereafter, the Debt was assigned, placed, or otherwise transferred to Defendant for collection purposes.

22. Defendant mailed Plaintiff an initial communication letter dated March 2, 2020, demanding payment on the alleged debt (the "Letter").

23. The Letter to Plaintiff was a "communication" as that term is defined by 15 U.S.C. §1692a(2).

24. In relevant part, the Letter stated, "If you notify my office within the thirty (30) days from receipt of this Notice that you dispute the debt, I will cease collection of the debt until I obtain and mail to you verification of the debt."

25. Defendant's confusing Letter failed to advise Plaintiff that to be entitled to a verification of her alleged debt under section 1692g(a)(4), the request had to be *in writing*.

## 15 U.S.C. 1692g

26. Under 15 U.S.C. § 1692g(4), a debt collector must provide " a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector."

27. However, contrary to the strict language under the FDCPA, the Letter only requires Plaintiff, and consumers alike, "notify" Defendant for Defendant to "obtain and mail [ ] verification of the debt." As such, by sending the Letter to Plaintiff, Defendant violated the FDCPA.

28. Debt collector's activities may not contradict the rights under the 1692g notice in any way. *See Swanson v. Southern Oregon Credit Service, Inc.,* 869 F.2d 1222 (9th Cir. 1988).

29. The § 1692g notice requirement's importance is to avoid confusing the least sophisticated debtors as to the debtor's validation rights.

30. As a result of Defendant's violations, Plaintiff was personally affected because she was frustrated, distressed, and confused as a result of the Defendant's abusive debt collection communication.

## CLASS ACTION ALLEGATIONS

31. Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (hereafter "the Class") defined as follows:

> All persons within California who received any collection correspondence from Defendant, that is identical or substantially similar to the March 2, 2020 correspondence Plaintiff received from Defendant, within the one year prior to the filing of this Complaint.

32. Plaintiff represents, and is a member of, the Class, because Plaintiff received Defendant's March 2, 2020, correspondence.

33. Defendant, its employees and agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

34. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of the Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Class includes hundreds of members. Plaintiff alleges the records maintained by Defendant will ascertain the Class members.

35. The suit seeks damages and injunctive relief on behalf of the Class, and it is expressly not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

36. Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

- Whether Defendant's collection notices violated the FDCPA;
- Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation(s); and
- Whether Defendant should be enjoined from engaging in such conduct in the future.

37. As a person that received a collection correspondencs from Defendant wherein Defendant failed to adequately provide Plaintiff's right obtain verification of the debt, Plaintiff is asserting claims that are typical of the Class.

38. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

39. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter,

be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

## CAUSE OF ACTION

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 ET. SEQ.

40. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of this Complaint as though fully stated herein.

41. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §1692 *et seq*.

42. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Class Members pray that judgment be entered against Defendant, and Plaintiff and the Class Members be awarded damages from Defendant, as follows:

- Certify the Class as requested herein;
- Appoint Plaintiff to serve as the Class Representative in this matter;
- Appoint Plaintiff's Counsel as Class Counsel in this matter;
- Any such further relief as may be just and proper.
- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), for herself and each Class member;

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); and
- Any other relief this Court should deem just and proper.

### TRIAL BY JURY

55. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

Date: April 2, 2020

By: s/Yana A. Hart
Yana A. Hart, Esq.
*Attorney for Plaintiff*